UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-60449-DIMITROULEAS/STRAUSS

**SCHCOLA TYNES,**

    Plaintiff,

v.

**FEDEX CORPORATION,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Defendant's Bill of Costs [DE 89] ("the Motion"). The Motion has been referred to me to take all action as required by law. [DE 90]. I have reviewed the Motion, the attachments thereto, and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED IN PART and DENIED IN PART** and that Defendant be awarded taxable costs in the amount of **$3,398.50**.

**LEGAL STANDARD**

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## ANALYSIS

On March 2, 2023, this Court entered the Order Granting Defendant's Amended Motion for Summary Judgment ("MSJ Order") [DE 87], as well as a separate Final Judgment [DE 88] in favor of Defendant, which provides that Plaintiff "shall take nothing from Defendant through this action." [DE 88 at 1]. Thus, Defendant is clearly the prevailing party. Therefore, Defendant is entitled to an award of taxable costs.

Pursuant to the Motion, Defendant seeks an award of the following costs:

| Description | Amount |
|---|---|
| Pro Hac Vice Fees | $400.00 |

| Deposition and Transcripts | $3,398.50 |
|---|---|
| **Total** | **$3,798.50** |

In the Motion, Defendant indicated that it attempted to confer with Plaintiff's counsel in a good faith effort to resolve the items of costs it seeks, but it "received no response from Plaintiff's counsel after multiple attempts to confer." [DE 89-1 at 4]. In light of this represented failure to confer, I entered an order requiring Plaintiff to file a notice by March 16, 2023, indicating whether she intended to respond to the Motion. [DE 91]. Plaintiff failed to file the notice as ordered and failed to respond to the Motion. Consequently, the Court could grant the Motion by default or as a sanction for failing to follow the Local Rules and the Court's orders. *See* S.D. Fla. L.R. 7.1(a)(3) (stating that "counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute" and the failure to do so "may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction"); S.D. Fla. L.R. 7.1(c)(1) (stating that the failure to respond to a motion "fourteen (14) days after service of the motion" is "sufficient cause for granting the motion by default"); *see also Britt v. Wal-Mart Stores E., LP*, 20-81244-CV, 2020 WL 10181737, at *1 (S.D. Fla. Nov. 18, 2020) ("Given Plaintiff's failure to comply with the Local Rules and with my prior Orders, I find that it is appropriate to grant Defendant's Motion by default and impose the specific sanctions that Defendant requests."). However, "the Court has an independent duty to only award costs which are lawful and justified under federal law." *Richardson v. Fla. Drawbridges Inc.*, No. 21-CV-80803, 2022 WL 3370789, at *1 (S.D. Fla. Aug. 16, 2022).

As indicated above, § 1920(1) permits the taxing of "[f]ees of the clerk and marshal." In the Motion, Defendant categorizes its Pro Hac Vice fees as Fees of the clerk. [DE 89; DE 89-2 at 3]. However, "Pro Hac Vice admission fees are not recoverable under Section 1920 as 'Fees of

the clerk.'" *Bridgehead Container Servs. Ltd. v. Dones*, 17-23941-CIV, 2020 WL 11421219, at *2 (S.D. Fla. June 26, 2020) (quoting *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459–60 (M.D. Ala. 1997)); *see Wreal, LLC v. Amazon.com, Inc.*, 14-21385-CIV, 2019 WL 12278758, at *3 (S.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, 14-21385-CIV, 2020 WL 9551978 (S.D. Fla. Jan. 15, 2020); *Zarra v. Sun Sentinel Co.*, 12-60542-CIV, 2013 WL 704770, at *2 (S.D. Fla. Feb. 26, 2013).  Therefore, Defendant is not entitled to recover $400.00 for its Pro Hac Vice admission fees.

The deposition transcript cost is taxable under § 1920(2).  Under § 1920(2), deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000); *see Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015).  Court reporter and videographer attendance fees are also taxable under § 1920(2).  *Procaps v. Patheon Inc.*, 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016); *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).  To satisfy the necessarily obtained requirement, a deposition must only appear to have been reasonably necessary when it was taken. *See W&O*, 213 F.3d at 620-22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391.  Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)); *see W&O*, 213 F.3d at 621.

Here, Defendant seeks to recover the costs it paid for the court reporter and videographer during Plaintiff's deposition. Defendant contends that the printed and videorecorded transcript were necessarily obtained for use in this case because it used the transcript in support of its summary judgment motion and Plaintiff used the transcript to oppose the summary judgment motion. *See* [DE 89-1 at 3]. Plaintiff has not challenged this contention. Therefore, the cost for this deposition transcript should be taxed in accordance with § 1920(2).

For the foregoing reasons, Defendant should be awarded the $3,398.50 in deposition costs but not the $400 it seeks in Pro Hac Vice admission fees.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 89] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Defendant taxable costs in the amount of **$3,398.50**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 29th day of March 2023.

Jared M. Strauss
United States Magistrate Judge